Alan Smikun, Esq.
THE MARGOLIN & WEINREB LAW GROUP, LLP
165 Eileen Way, Suite 101
Syosset, New York 11791
Telephone: (516) 945-6055
alansm@NYFCLAW.COM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
GUSTAVIA HOME, LLC,                                    Civil Action No.:
                              Plaintiff,

        -against-                                       **COMPLAINT**

EAST 93 HOLDINGS LLC; U.S. BANK NATIONAL
ASSOCIATION; NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD;
                              Defendants.
---------------------------------------------------------------------------X

Plaintiff, GUSTAVIA HOME, LLC (hereinafter, "GUSTAVIA"), by and through its attorneys, The Margolin & Weinreb Law Group, LLP as and for its Complaint to foreclose the premises and mortgage against; EAST 93 HOLDINGS LLC; U.S. BANK NATIONAL ASSOCIATION; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD (collectively the "Defendants"), respectfully alleges upon information and belief as follows:

### NATURE OF THE ACTION

1.      This is an action brought pursuant to New York Real Property Actions and Proceedings Law, Section 1301 *et seq.*, to foreclose on a mortgage encumbering the property commonly known as 662 East 93rd Street, Brooklyn, New York 11236 known on the Kings County Tax Map as BLOCK: 4752 LOT: 63 in the County of Kings, and State of New York (the "Subject Property"). The Legal Description of the property is annexed hereto as **Exhibit "A".**

## PARTIES

2. Gustavia is a limited liability company organized under Florida law with its principal place of business located at 104 SE 8th Avenue, Fort Lauderdale, Florida 33301.

3. Gustavia is a single-member limited liability company.

4. Gustavia's single-member is an individual who is a citizen of the United States and who is domiciled in the State of Florida.

5. Upon information and belief, EAST 93 HOLDINGS LLC ("EAST HOLDINGS") is a Limited Liability Company organized under the laws of the State of New York. Upon information and belief, EAST HOLDINGS has an address at 543 Bedford Avenue, Suite 189, Brooklyn, New York.

6. Upon information and belief, EAST HOLDINGS is a single-member limited liability company whose sole member, Samuel Lebovits who is domiciled in the State of New York and therefore, for diversity purposes, EAST HOLDINGS is a citizen of New York.

7. EAST HOLDINGS is a necessary party to the action because it is the owner of the Subject Property by virtue of a Deed recorded on May 1, 2015 in the Office of the City Register of the City of New York County of Kings in CRFN: 2015000146541.

8. U.S. BANK NATIONAL ASSOCIATION (U.S. BANK) is a National Association organized under the laws of the United States of America.

9. Pursuant to 28 U.S.C. §1348, which provides that a national banking association, shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located. For §1348 purposes a national bank is a citizen of the state in which its main office is located as set forth in its Articles of Association. According to the

Articles of Association, U.S. BANK is located at 425 Walnut Street, Cincinnati, Ohio 45202. Based on the foregoing, for diversity of citizenship purposes, U.S. BANK is a citizen of Ohio.

10. U.S. BANK is a necessary party-defendant because it holds a subordinate mortgage recorded on October 16, 2006 in the Office of the City Register of the City of New York County of Kings in CRFN: 2006000577753.

11. NEW YORK CITY ENVIRONMENTAL CONTROL BOARD ("ECB") was established under §1404 of the New York City Charter and operates as an administrative tribunal of the City of New York. As such, for purposes of diversity jurisdiction, the ECB, with its principal place of business located at 1250 Broadway, 7th Floor, New York, New York, 10001, is a citizen of New York State.

12. ECB is a necessary party-defendant to this action based on certain liens/judgment filed against the Subject Property, which liens/judgment are subject and subordinate to the Plaintiff's lien.

13. Each of the above-named defendants has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage.

## JURISDICTION AND VENUE

14. This Action is between citizens of different states.

15. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

16. Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

17. Venue is deemed proper in this District pursuant to 28 U.S.C. §1391.

18. A substantial part of the events giving rise to this action took place within the jurisdiction of this Court and the Subject Property is located in this District.

## FACTUAL BACKGROUND

19. On October 3, 2006, PADMAWATI SINGH[1] executed and delivered a Note to National City Bank in the amount of $250,000.00. A copy of the Note with Allonges is annexed as **Exhibit "B"**.

20. On the same date PADMAWATI SINGH also executed a Mortgage in favor of National City Bank for the sum of $250,000.00 and interest. Said Mortgage was recorded in CRFN#: 2007000257162 in the Office of the City Register of the City of New York County of Kings on May 16, 2007. Said lien covers the premises known as 662 East 93RD Street, Brooklyn, New York 11236. A copy of the Recorded Mortgage is annexed as **Exhibit "C"**.

21. On September 3, 2010, the Mortgage was assigned by an Assignment to Mortgage to Dreambuilder Investments, LLC. This Assignment was recorded on June 6, 2016 in the Office of the City Register of the City of New York County of Kings in CRFN: 2016000189581. Simultaneously, the Note was transferred by the lender affixing the proper Allonge.

22. On September 26, 2012, the Mortgage was assigned by Assignment of Mortgage to Gustavia Home, LLC, Plaintiff herein. This Assignment was recorded in the Office of the City Register of the City of New York County of Kings on June 6, 2016 in CRFN: 2016000189582. Simultaneously, the Note was transferred by the lender affixing the proper Allonge to the Note. The Assignments of Mortgage are annexed hereto as **Exhibit "D"**, respectively.

23. Any applicable recording tax was duly paid at the time of recording said mentioned mortgage.

---

[1] The Obligor and Mortgagor, Padmawati Singh, is not named in this action as the Subject Premises has been deeded to Defendant East 93 Holdings, LLC, therefore, she is no longer a necessary party to the instant action.

24. Plaintiff is in physical possession and is the owner and holder of said Note and Mortgage. See Jared Dotoli Affidavit annexed hereto at **Exhibit "E"**.

25. PADMAWATI SINGH failed to comply with the terms and provisions of said Mortgage and said instrument(s) secured by the Mortgage, by failing to make the Monthly Payments due on May 1, 2008 and the default continues to date.

26. Plaintiff has complied with the contractual provisions in the loan documents in that a 30-day notice to cure was issued on March 17, 2016 (the "Default Notice") advising PADMAWATI SINGH of possible acceleration of the loan and that by virtue of her continuing default under the Note and Mortgage, if the arrears were not cured, Plaintiff may declare that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable. See Default Letter at **Exhibit "F"**.

27. Although not entitled to the 90-day notices pursuant to RPAPL §1304, nevertheless notices were provided on March 17, 2016 as a courtesy. Copies of the 90-day notice is annexed hereto as **Exhibit "G"**.

28. Pursuant to RPAPL Section 1302 as amended, the Plaintiff has complied with all the provisions of Section 595a and Section 6-1 of the Banking Law and RPAPL Section 1304, Section 1306, except where it is exempt from doing so.

29. As of the date herein, PADMAWATI SINGH has failed to respond to the Default Notices.

30. Due to the above-described default, Plaintiff is foreclosing pursuant to the terms of the Note and Mortgage for:

   a. The unpaid principal amount due under the Note, and all accrued and unpaid interest and late charges which sum as of March 17, 2016, amounts to $436,943.15;

b. Attorney's fees and other costs and disbursements, payable to GUSTAVIA HOME, LLC under the terms of the Note, which will accrue until the amount due and payable under the Note is paid in full; and

c. Any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Note and Mortgage are paid in full.

31. Plaintiff requests that in the event that this action will proceed to judgment of foreclosure and sale, said premises should be sold subject to the following:

a. Any state of facts that an inspection of the premises would disclose.

b. Any state of facts that an accurate survey of the premises would show.

c. Covenants, restrictions, easements and public utility agreements of record, if any.

d. Building and zoning ordinances of the municipality in which the Mortgaged premises are located and possible violations of same.

e. Any right of tenants or person in possession of the subject premises.

f. Any equity of redemption of the United States of America to redeem the premises within 120 days from date of sale.

g. Prior lien(s) of record, if any.

32. In the event that Plaintiff possesses any other lien(s) against said mortgaged premises either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other liens(s) shall not be merged in Plaintiff's cause(s) of action set forth in this Complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

33.     Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinfore made, by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

34.     A previous action or proceeding was commenced for the foreclosure of said Mortgage or for recovery of the said sum secured by said Note and Mortgage or any part thereof under Action No.: 1:17-cv-01489 but was voluntarily dismissed pursuant to Federal Rules of Civil Procedure 41(a)(1)(A)(i) on or about May 2, 2017.

**WHEREFORE**, the Plaintiff demands judgment that the Defendant(s) and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the said mortgaged premises and each and every part and parcel thereof; that the premises may be decreed to be sold in one parcel, according to law, subject to the terms set forth in this complaint; that the monies arising from the sale thereof may be bought into Court; that the Plaintiff may be paid the amount due on the Note and Mortgage as hereinfore set forth, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements of this action, and together with any sums from the dates incurred by Plaintiff pursuant to any term or provision of the Note and Mortgage set forth in this complaint, or to protect the lien of Plaintiff's Mortgage, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; that this Court forthwith appoint a receiver of the rents and profits of said premises during the pendency of this action with the usual powers and duties; and that the Defendants may be adjudged to pay the whole residue (unless discharged

of this debt by the United States Bankruptcy Court), or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds pursuant to the directions contained in such judgment, and that in the event that Plaintiff possesses any other lien(s) against said mortgage premises either by the way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this complaint but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings, that an order be entered compelling that the tenants deliver possession of the premises to Plaintiff, and that the plaintiff may have such other and further relief, or both, in the premises, as may be just and equitable.

Dated:  July 18, 2017
        Syosset, New York

>                   Yours, etc.
>                   The Margolin & Weinreb
>                   Law Group, LLP
>                   Attorneys for Plaintiff
>
>
>                   By:/s/ *Alan Smikun*
>                   Alan Smikun, Esq.
>                   165 Eileen Way, Suite 101
>                   Syosset, New York 11791
>                   Telephone (516) 921-3838
>                   alansm@NYFCLAW.COM