BERG & DAVID, PLLC
David Berg, Esq.
Abraham David, Esq.
Shane Wax, Esq.
266 Broadway, Suite 503
Brooklyn, New York 11211
(t) 718-989-1392
(f) 718-989-1394
e-mail: dberg@bergpllc.com
*Attorneys for Defendant*
*East 93 Holdings, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

| | |
|---|---|
| GUSTAVIA HOME, LLC, | <u>Defendant East 93 Holdings LLC's Answer to the Complaint</u> |
| Plaintiff, | |
| against | Docket No. 1:17-cv-04262 (ILG) (RER) |
| EAST 93 HOLDINGS LLC; U.S. BANK NATIONAL ASSOCIATION; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, | JURY TRIAL DEMANDED |
| Defendants. | |

------------------------------------------------------------------------X

Defendant East 93 Holdings LLC ("Defendant"), by its attorneys Berg & David, PLLC, as and for its Answer to the Complaint of Plaintiff Gustavia Home LLC ("Gustavia" or "Plaintiff"), states as follows:

### NATURE OF THE ACTION

1. Defendant denies knowledge and information sufficient to form a belief regarding each and every allegation set forth in paragraph 1 of the Complaint, and therefore denies same, and respectfully refers all questions of law to the Court.

## PARTIES

2. Upon information and belief, Gustavia is managed out of an office located within New York by an individual residing within New York. Defendant denies knowledge and information sufficient to form a belief regarding each and every remaining allegation set forth in paragraphs 2, 3, 4, 8, 9, 10, 11, 12 and 13 of the Complaint, and therefore denies same, and respectfully refers all questions of law to the Court.

3. Defendant admits the factual allegations set forth in paragraphs 5 and 7 of the Complaint, but respectfully refers all questions of law to the Court.

4. Defendant denies each and every allegation set forth in paragraph 6 of the Complaint and respectfully refers all questions of law to the Court.

## JURISDICTION AND VENUE

5. Defendant denies, upon information and belief, each and every allegation set forth in paragraphs 14 and 16 of the Complaint and respectfully refers all questions of law to the Court.

6. Defendant denies knowledge and information sufficient to form a belief regarding each and every allegation set forth in paragraphs 15, 17 and 18 of the Complaint, and therefore denies same, and respectfully refers all questions of law to the Court.

## FACTUAL BACKGROUND

7. Defendant denies, upon information and belief, each and every allegation set forth in paragraphs 19, 20, 25, 26, 27 and 28 of the Complaint and respectfully refers all questions of law and the interpretation of all documents to the Court. [1]

---

[1] Defendant makes no admissions concerning the authenticity or admissibility of any documents or affidavits annexed to the Complaint and reserves the right to challenge the authenticity and admissibility of any such documents and affidavits at such time when the document(s) or affidavit(s) is or are proffered as evidence of any issue of fact.

8. Defendant denies knowledge and information sufficient to form a belief regarding each and every allegation set forth in paragraphs 21, 22, 23, 24, 29, 30, 31, 32 and 33 of the Complaint, and therefore denies same, and respectfully refers all questions of law and the interpretation of all documents to the Court.

9. Defendant denies knowledge and information sufficient to form a belief regarding each and every allegation set forth in paragraph 34 of the Complaint and respectfully refers all questions of law to the Court.

10. Defendant denies each and every allegation set forth in the "Wherefore" clause of the Complaint and denies that Plaintiff is entitled to any or all of the relief set forth therein.

## FIRST AFFIRMATIVE DEFENSE

11. Upon information and belief, Plaintiff's principal place of business is located in New York.

12. Upon information and belief, at least one individual who is a member and/or manager of Plaintiff is domiciled within and resides within New York.

13. Upon information and belief, for the purposes of diversity jurisdiction under 28 U.S.C. § 1332, Plaintiff is considered a citizen of the State of New York.

14. Upon information and belief, there is no complete diversity of citizenship between Plaintiff and each Defendant.

15. Therefore, the Court lacks subject matter jurisdiction over this matter.

## SECOND AFFIRMATIVE DEFENSE

16. New York State law imposes certain statutory conditions precedent which must be strictly complied with and satisfied prior to the commencement of a mortgage foreclosure action, including but not limited to Section 1304 of the Real Property Actions and Proceedings Law ("RPAPL").

17. The purported loan qualifies as a "home loan" as defined by RPAPL § 1304(6)(a), thereby necessitating Plaintiff's strict compliance with the statute.

18. Plaintiff failed to send a fully conforming notice by both first-class mail and certified or registered mail upon each and every individual entitled to receive notice under RPAPL § 1304.

19. Therefore, Plaintiff's failure to strictly comply with RPAPL § 1304 necessitates dismissal of the instant action.

## THIRD AFFIRMATIVE DEFENSE

20. New York State law imposes certain statutory conditions precedent which must be strictly complied with and satisfied prior to the commencement of a mortgage foreclosure action, including but not limited to RPAPL § 1306.

21. Plaintiff failed to timely and properly file the requisite document(s) with the superintendent of financial services as required by RPAPL § 1306.

22. Therefore, Plaintiff's failure to strictly comply with RPAPL § 1306 necessitates dismissal of the instant action.

## FOURTH AFFIRMATIVE DEFENSE

23. New York State law imposes certain statutory conditions precedent which must be strictly complied with and satisfied prior to the commencement of a mortgage foreclosure action, including but not limited to RPAPL § 1303.

24. Plaintiff failed to deliver a fully conforming notice in strict accordance with RPAPL § 1303 upon each and every individual entitled to receive same.

25. Therefore, Plaintiff's failure to strictly comply with RPAPL § 1303 necessitates dismissal of the instant action.

**FIFTH AFFIRMATIVE DEFENSE**

26. Upon information and belief, Plaintiff was not in physical possession or control of the promissory note described in the Complaint on the date the instant action was commenced.

27. Upon information and belief, Plaintiff does not maintain a physical office located at 104 SE 8th Avenue, Fort Lauderdale, FL 33301. To the extent the promissory note is or was located at this address, the note is and was not in Plaintiff's possession or control.

28. The chain of assignments of mortgage described in the complaint includes one or more legally invalid assignments.

29. The chain of assignments of mortgage described in the complaint includes one or more assignments which failed to properly assign the promissory note.

30. Plaintiff was not in possession of a valid assignment of the promissory note described in the Complaint on the date the instant action was commenced.

31. Therefore, Plaintiff lacked standing to commence the instant action.

**SIXTH AFFIRMATIVE DEFENSE**

32. Plaintiff's claims are barred, in whole or part, by the applicable statute(s) of limitations.

33. Specifically, the Complaint alleges that Defendant has defaulted in making payments since May 1, 2008, more than six years prior to the commencement of this action.

**SEVENTH AFFIRMATIVE DEFENSE**

34. Plaintiff failed to state a cause of action upon which relief may be granted.

35. Specifically, Plaintiff failed to allege that any money was loaned to Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

36. Upon information and belief, any sums of money ever transferred to the purported Borrower, Padmawati Singh, if any, have been paid back by in full, including interest.

37. Thus, there has been an accord and satisfaction.

### NINTH AFFIRMATIVE DEFENSE

38. Plaintiff's claims are barred in whole or in part by the doctrine of laches.

39. Specifically, Plaintiff claims that Defendant first breached the purported mortgage agreement more than nine years prior to commencing the action.

40. Plaintiff and/or Plaintiff's predecessor(s)-in-interest knew about the purported default when it purportedly occurred, to wit in 2008.

41. Nevertheless, Plaintiff unreasonably delayed commencing the instant action to the detriment and prejudice of Defendant.

### TENTH AFFIRMATIVE DEFENSE

42. Any and all interest is or should be equitably tolled due to Plaintiff's delays and dilatory conduct.

43. Specifically, Plaintiff knowingly and unreasonably delayed the commencement of the instant action. Plaintiff now claims a significantly greater amount of interest is due than Plaintiff would have been able to claim had this action been timely and expediently commenced.

44. It would be inequitable to permit Plaintiff to recoup the entire sum of interest alleged to be due in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

45. Plaintiff's claims are barred in whole or party by collateral estoppel.

## TWELVTH AFFIRMATIVE DEFENSE

46. Plaintiff's claims are barred in whole or party by res judicata.

## THIRTEENTH AFFIRMATIVE DEFENSE

47. The purported promissory note is unconscionable and void.

48. The purported promissory note contains discrete terms that are unconscionable, including but not limited to terms involving the interest rate and breach by Defendant.

49. For example, the promissory note states that the borrower is in breach of the agreement if borrower dies.

50. Further, the actual interest rate as established by the purported promissory note is unconscionable.

51. The purported promissory note does not contain a severability clause.

52. Therefore, the unconscionable terms contained within the purported promissory note render the entire note unconscionable, and therefore void and unenforceable.

**WHEREFORE**, Defendant East 93 Holdings LLC demands judgment dismissing the complaint in its entirety, together with such other and further relief as this Court deems just and equitable.

Dated: Brooklyn, New York
September 6, 2017

**BERG & DAVID PLLC**

By: *David Berg*
    David Berg
    Abraham David
    Shane Wax
    *Attorneys for Defendant*
    266 Broadway, Suite 503
    Brooklyn, New York 11211
    (718) 989-1392