David Berg
Abraham David

Shane Wax
Gordon Speckhard
Ari Bachar*

*Admission pending




266 Broadway Suite 503
Brooklyn, New York 11211

Office   718.989.1392
Fax       718.989.1394
Web     www.bergpllc.com
Email    swax@bergpllc.com

September 14, 2018

**Via ECF**
Hon. Ramon E. Reyes, Jr., U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   *Gustavia Home, LLC v. East 93 Holdings LLC, et al.*
>        **Case No. 17-cv-4262 (ILG) (RER)**

Dear Judge Reyes:

      The undersigned attorneys represent Defendant East 93 Holdings LLC ("Defendant") in the above-captioned action. This letter is respectfully submitted as a follow-up to the status conference held on Thursday, September 6, 2018.

      As you may recall, at last week's conference Your Honor inquired of the undersigned whether the defenses asserted in Defendant's Answer concerning Plaintiff's compliance with certain conditions precedent to commencing the instant action – namely the requirement to deliver (i) a 90-day notice pursuant to N.Y. R.P.A.P.L. § 1304 and (ii) a notice of default as required by the terms of the subject mortgage agreement – were pleaded following an inquiry into the facts or were included merely as boilerplate defenses. The undersigned initially responded to the effect that that such defenses were standard in New York foreclosure actions, but that the relevant factual information was in the possession of Plaintiff.

      The undersigned now seeks to clarify the oral statement made at the conference inasmuch as the undersigned failed to identify the factual basis for these defenses, notwithstanding that there was indeed a factual basis for included these defenses in the Answer that were known to counsel at the time of signing the pleading. It is respectfully submitted that the within clarification should rectify any concerns the Court may have regarding the propriety of Defendant's pleaded defenses.

      As an initial matter, the Court will note that Plaintiff filed several exhibits with its Complaint, including but not limited to: (i) a document purported to be the subject mortgage (Exhibit C to the Complaint, Doc. No. 1-3); (ii) documents purported to be Notices of Default dated March 17, 2016 and appearing on SN Servicing Corporation letterhead (Exhibit F, Doc. No. 1-6); and (iii) a document purported to be a 90-Day Notice, likewise dated March 17, 2016 and appearing on SN Servicing Corporation letterhead (Exhibit G, Doc. No. 1-7).

      The first page of Mortgage Agreement explicitly identified the notice address for non-party Borrower Padmawati Singh ("Borrower") as "476 Hendrix Street, Brooklyn, New York 11207." (Mortgage, Doc. No. 1-3).

**Berg & David PLLC** p. 2/2
September 14, 2018

Further, and as noted in the undersigned's letter dated August 13, 2018 seeking a pre-motion conference, Section 24 of the Mortgage explicitly states: "any notice shall be given by delivering it or by mailing it by first class mail to the appropriate party's address on page 1 of this Security Instrument, or to any other address designated in writing." (Id.).  While there are two documents purported to be notices of default that were filed with the complaint (Doc. No. 1-6), neither such notice is addressed to the Borrower at 476 Hendrix Street.  Rather, one letter is addressed to the Borrower at 662 East 93rd Street, the address of the mortgaged property, and one addressed to the Borrower at 15016 Lefferts Blvd., Jamaica, NY 11420.  As such, based upon the face of the Complaint and its exhibits, Plaintiff failed to mail or otherwise deliver a notice of default to Borrower at 476 Hendrix Street, as explicitly required by the terms of the Mortgage.

Further, under state law, the 90-day notice "shall be sent by such lender, assignee (including purchasing investor) or mortgage loan servicer to the borrower, by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage." RPAPL § 1304(2).  Again, while two documents purported to be 90-day notices were filed with the complaint (Doc. No. 1-7), neither is addressed to 476 Hendrix Street, but, were likewise addressed to 662 East 93rd Street, the address of the mortgaged property and to 15016 Lefferts Boulevard.  Thus, on the face of the Complaint and its exhibits, Plaintiff failed to mail the 90-day Notices to Borrower at 476 Hendrix Street.  To the extent Plaintiff had actual knowledge of a different address, Plaintiff's actual knowledge in May 2016 is not a fact that Defendant could have discovered upon a reasonable inquiry prior to filing the Answer.

Moreover, as noted in the undersigned's letter dated August 13, 2018, Defendant is entitled to summary judgment due to Plaintiff's non-compliance.  Significantly, to date, Plaintiff has not produced (i) any additional documents purported to be a notice of default or a 90-day notice other than the aforementioned notices dated May 17, 2016, (ii) any documentary evidence that Borrower provided Plaintiff with a written change of address pursuant to Section 24 of the Mortgage, nor (iii) any documentary proof of mailing of either required notice to any address, whatsoever.

Accordingly, it is respectfully submitted that the foregoing establish a sufficient factual basis for asserting non-compliance with statutory and contractual conditions precedent as affirmative defenses in Defendant's Answer in compliance with Rule 11.

Respectfully Submitted,

**BERG & DAVID, PLLC**

/s/ *Shane Wax*
_____
Shane Wax, Esq.
*Attorneys for Defendant*
266 Broadway, Suite 503
Brooklyn, N.Y. 11211
Tel.: 718-989-1392

cc:   All Counsel of Record via ECF
      Hasbani & Light, P.C., via e-mail