

David Berg
Abraham David

Shane Wax
Gordon Speckhard
Ari Bachar*

*Admission pending

266 Broadway Suite 503
Brooklyn, New York 11211

Office 718.989.1392
Fax 718.989.1394
Web www.bergpllc.com
Email swax@bergpllc.com

September 20, 2018

**Via ECF**
Hon. Ramon E. Reyes, Jr., U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: **_Gustavia Home, LLC v. East 93 Holdings LLC, et al._**
> **Case No. 17-cv-4262 (ILG) (RER)**

Dear Judge Reyes:

      The undersigned attorneys represent Defendant East 93 Holdings LLC ("Defendant") in the above-captioned action. This letter is respectfully submitted to object to Plaintiff Gustavia Home, LLC ("Plaintiff")'s letter motion dated September 14, 2018, seeking to compel the deposition of Joel Lebovitz (the "Motion to Compel").

      As explained herein, although the deposition of Joel Lebovitz (the "Witness") is unnecessary, but in the event the Court determines that the Witness should be compelled to appear for a deposition, that Plaintiff should be required to take the Witness's deposition in Canada or else be compelled to pay Defendant's costs incurred in deposing Plaintiff's sole member in Florida.

      Under FRCP Rule 37(a)(1), "a party may move for an order compelling disclosure or discovery," but in so moving, "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." In this case, Plaintiff has not made any serious good faith effort to obtain insight as to the Witness's knowledge for the bases of certain affirmative defenses – either through an oral deposition or otherwise.

      As an initial matter, Plaintiff was previously given the opportunity to depose Defendant's manager, Defendant's chosen witness under Rule 30(b)(6), which was completed on July 18, 2018. Plaintiff did not serve a formal notice of deposition until approximately three weeks later, same being received by the undersigned's office on August 14, 2018. Thereafter, Plaintiff's attorneys did not communicate (at least in writing) with the undersigned's office regarding the new deposition demand at any point until the September 6, 2018.

      On September 6, 2018, the undersigned appeared for the scheduled status conference, and informed Plaintiff's attorney that (a) the Witness did not possess the information sought by Plaintiff, and (b) the Witness resides in Canada (specifically, the Montreal area). The undersigned told Plaintiff's counsel that Defendant did not oppose a further deposition, but noted the logistical issues, and therefore, suggested that Plaintiff depose the Witness through written questions pursuant to Rule 31 or, alternatively, by video teleconference means.

**Berg & David PLLC** p. 2/2
September 20, 2018

    At the September 6th conference, the Court directed the parties to discuss how to proceed with the deposition of the witness and directed Plaintiff to file a letter motion to compel if a mutually agreed upon solution could not be reached. Immediately after the conference, the undersigned sent an e-mail to Plaintiff's appearing attorney stating, in relevant part: "Please advise how you want to proceed regarding the deposition of Joel Lebovitz. I think written questions might make the most sense given that he's in Canada."

    Plaintiff's attorney did not immediately respond, in part due to the fact that Monday September 10 and Tuesday September 11 fell on Rosh Hashanah (lead counsel for both sides are each Orthodox Jews). On Wednesday, September 12, the undersigned sent a follow-up e-mail, which elicited Plaintiff's first attempt to resolve the issue of the outstanding deposition. Plaintiff's counsel stated her preference to depose the Witness in person, contesting the fact that the Witness resides in Canada. The undersigned replied by e-mail on September 13, re-affirming that the Witness resided in Canada, but that we would not oppose a deposition of the Witness conducted in Canada. Copies of the relevant e-mail communications are annexed hereto as **Exhibit 1**.

    It is respectfully submitted that a single e-mail from Plaintiff's counsel insisting upon an in-person deposition, without any consideration for Defendant's proposed alternatives – written questions or video teleconference – notwithstanding that the alternative options would be logistically easier and, in all likelihood, cheaper than travel expenses – does not constitute a good faith effort to reach a mutually agreeable resolution. At minimum, Defendant should not bear any costs associated with any future deposition of the Witness, in Canada or otherwise.

    Moreover, it is respectfully submitted that equity compels the Court direct Plaintiff to not only bear the costs, but to travel to Canada if Plaintiff insists upon an in-person deposition. The Court will recall that, before the firm of Hasbani & Light was substituted as lead counsel for Plaintiff, Defendant was forced to file a motion to compel discovery, including a deposition (See Dkt. Nos. 20 et. seq.). Significantly, Plaintiff's prior counsel refused to produce Plaintiff's sole member for a deposition in New York and insisted that the deposition take place in Florida, thereby causing Defendant to incur additional costs associated with travel. If Plaintiff insists on taking the Witness's deposition, having already taken a deposition and having been informed that the Witness does not possess the information sought, then it would only be equitable that Plaintiff bear the costs.

    Accordingly, Defendant submits that Plaintiff's motion to compel be denied; alternatively, the Court should compel Plaintiff to either agree to a deposition by written questions or video telephonic means or to bear the costs associated with deposing the Witness in Canada.

    Respectfully Submitted,

    **BERG & DAVID, PLLC**

    */s/ Shane Wax*

    Shane Wax, Esq.
    *Attorneys for Defendant*
    266 Broadway, Suite 503
    Brooklyn, N.Y. 11211
    Tel.: 718-989-1392

cc: All Counsel of Record via ECF